UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kirsten Jacobson,  Civil No. 04-3809 (PAM/RLE)

Plaintiff,

v.  **MEMORANDUM AND ORDER**

Hound Dog Pet Hotel, LLC,

Defendant.

---

This matter is before the Court on the parties' Motions in Limine. Plaintiff Kirsten Jacobson was formerly employed by Defendant Hound Dog Pet Hotel, LLC, and contends that she was sexually harassed by Defendant's employees. Trial will begin on Tuesday, August 2, 2005.

**A.   Plaintiff's Motions in Limine**

Plaintiff's Motions seek to exclude: (1) the affidavit of Genaro P. Cohetero; (2) evidence of drug use by Plaintiff's witnesses; (3) the finding of the Equal Employment Opportunity Commission ("EEOC"); and (4) a prior conviction of Plaintiff's witness, David Allen. Defendant opposes all Motions, except for the Motion that relates to the EEOC. Thus, the finding of the EEOC is excluded.

1.   <u>Affidavit of Genaro P. Cohetero</u>

Genaro P. Cohetero formerly worked for Defendant. Prior to this litigation, Plaintiff exhausted her remedies before the EEOC. During that investigation, Defendant produced several affidavits, including Cohetero's. Throughout this litigation, however, Plaintiff has unsuccessfully sought to take Cohetero's deposition. She has repeatedly attempted to serve

Cohetero with subpoenas, and even utilized the assistance of the Hennepin County Sheriff. However, she has still not completed service. Plaintiff seeks to exclude Cohetero's affidavit, arguing that none of the hearsay exceptions under Federal Rule of Evidence 804 apply. Defendant submits that the affidavit is admissible both under Rule 807 and for impeachment purposes.

Generally, out of court statements are inadmissible. However, Federal Rule of Evidence 804 provides five exceptions to this general rule: (1) former testimony; (2) statement made upon impending death in a case involving homicide or wrongful death; (3) statement against the pecuniary or proprietary interest of the declarant; (4) statement regarding declarant's family or personal history; and (5) forfeiture of wrongdoing. None of these five exceptions apply to this case, and thus Rule 804 does not permit the admission of Cohetero's affidavit.

Defendant's contend that Rule 807, the residual hearsay exception, applies, and in the alternative, that the affidavit is admissible for impeachment purposes. The Court disagrees. "The residual hearsay exception accommodates ad hoc instances in which statements not otherwise falling within a recognized hearsay exception might nevertheless be sufficiently reliable to be admissible at trial." United States v. Turning Bear, 357 F.3d 730, 738 (8th Cir. 2004) (quotations omitted). To be admissible, the statement must exhibit "particularized guarantees of trustworthiness" to defeat a confrontation objection. Fed. R. Evid. 807. Courts should inquire into the reliability of and necessity for the statements. See United States v. Carlson, 547 F.2d 1346, 1354 (8th Cir. 1976). Moreover, if circumstantial guarantees of

trustworthiness exist, the Court may admit the affidavit if it determines that it is offered as evidence of a material fact, that it is the most probative evidence that can be secured through reasonable efforts, and that the purpose of the Rules of Evidence and the interests of justice will be served by permitting the affidavit's admission.  See <u>Johnson v. Moundsvista, Inc.</u>, File No. 01-915, 2002 WL 2007833 at *3 (D. Minn. Aug. 28, 2002) (Frank, J.).  This rule should only be used rarely and in exceptional circumstances.  See <u>United States v. Love</u>, 592 F.2d 1022, 1026 (8th Cir. 1979).

The Court finds that the statements made in Coherto's affidavit are not admissible under Rule 807.  Although an affiant attests to the reliability and trustworthiness of an affidavit, and although Defendant contends that Cohetero's affidavit is supported by corroborating evidence, the Court nevertheless finds that this evidence is not necessary for Defendant to defend this suit.  Moreover, this circumstance is not rare or exceptional.  Plaintiff has not had the opportunity to cross-examine Cohetero, and indeed, Cohetero's continuous evasion of service for both a deposition and as a witness at trial undermine the credibility of the affidavit.  Furthermore, because the Court questions the reliability of and the necessity for this affidavit, the Court finds that it may not be used for impeachment purposes.  Plaintiff's Motion on this point is granted.

2. <u>Evidence of Drug Use</u>

Plaintiff contends that Defendant should not be permitted to question any of the witnesses about drug use.  Defendant submits that evidence of drug use provides an alternative explanation for Plaintiff's claims, is admissible to prove motive, and challenges witness

credibility.

Federal Rule of Evidence 608(b) "permits the court in its discretion to allow impeachment of a witness by cross-examination concerning specific instances of conduct not resulting in conviction if the conduct relates to the witness' character for truthfulness or untruthfulness." United States v. Hastings, 577 F.2d 38, 40-41 (8th Cir. 1978). "Illegal drug use or transactions, without more, do not show untruthfulness." Crimm v. Mo. Pac. R. Co., 750 F.2d 703, 707-08 (8th Cir. 1984). Even if the Court determines that the evidence is probative of truthfulness, the Court may nevertheless exclude the evidence if this probative value is outweighed by its prejudicial effect. Id. To the extent that Defendant seeks to admit evidence of drug use merely for truthfulness purposes, Plaintiff's Motion is granted.

However, Defendant specifically seeks to introduce evidence of Plaintiff's drug use to negate Plaintiff's claim for damages and to demonstrate Plaintiff's ill-motive in bringing this lawsuit. Plaintiff fails to show that the probative value of this evidence is outweighed by its prejudice. Accordingly, Plaintiff's Motion is denied on this point, and Defendant may introduce evidence specifically limited to Plaintiff's drug use and exclusively to negate damages and prove motive.

    3.    David Allen's Prior Conviction

Plaintiff contends that evidence of David Allen's prior criminal conviction must be excluded. Plaintiff submits that the conviction occurred while Allen was a minor, and therefore is inadmissible under Federal Rule of Evidence 609(d). Defendant contends that the evidence does not conclusively indicate that Allen was a minor. Thus, Defendant contends that

evidence of Allen's conviction is admissible until Plaintiff can definitely prove that Allen was a minor. Although the Court agrees that the evidence submitted by Plaintiff does not expressly demonstrate that Allen was a minor but broadly indicates that Allen was in high school at the time of the conviction, the Court nevertheless excludes such evidence. Defendant contends that evidence of Allen's previous burglary conviction is highly probative of credibility. The Court disagrees and finds that evidence of Allen's burglary conviction is irrelevant to the underlying suit and is not a crime involving dishonesty or false statement. Plaintiff's Motion on this point is granted.

**B.    Defendant's Motions in Limine**

Defendant seeks to preclude Plaintiff's claim for punitive damages under the Minnesota Human Rights Act ("MHRA"). The Complaint seeks "all relief available under . . . the Minnesota Human Rights Act, Minn. Stat. § 363A.03 et seq., including an amount equal to three times her lost salary and fringe benefits pursuant to Minn. Stat. § 363A.29." Minn. Stat. § 363A.29 provides for an award of punitive damages, pursuant to Minn. Stat. § 549.20. Indeed, contrary to Defendant's assertions, Plaintiff has sufficiently plead a claim for punitive damages under the MHRA. Moreover, Plaintiff is not required to amend the Complaint to seek an award of punitive damages in this instance. See Engele v. Indep. Sch. Dist. No. 91, 846 F. Supp. 760, 768 (D. Minn. 1994) (Doty, J.) (the requirements of Minn. Stat. § 549.191, which prohibits pleading punitive damages without leave of court, does not apply for claim for punitive damages under the MHRA in federal district court); see also Morlock v. West Cent. Educ. Dist., 46 F. Supp. 2d 892, 923 (D. Minn. 1999) (Tunheim, J.). Defendant's Motion on

this point is denied.

Defendant also seeks to preclude Plaintiff's claim for compensatory damages and lost wages. Defendant contends that Plaintiff has failed to produce her 2004 tax returns or other documentation of alleged wage loss. However, there is no evidence that Defendant formally requested the production of such documents or that Plaintiff has willfully failed to provide such documents. Accordingly, Defendant's Motion on this point is denied.

Defendant finally contends that it is entitled to assert the Faragher/Ellerth affirmative defense. Defendant properly pleads this affirmative defense in its Answer, and accordingly, it may prove that it is entitled to this defense at trial.

## CONCLUSION

Accordingly, Plaintiff's Motions in Limine (Clerk Doc. No. 35) are **GRANTED in part** and **DENIED in part** , and Defendant's Motions in Limine (Clerk Doc. No. 22) are **DENIED**.

Dated: August 1, 2005

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge